CIACCIO, Judge.
For injuries alleged to have been caused when he lost control of his motorcycle after hitting a two-inch ridge across the roadway, plaintiff sued the construction company that was doing the roadway resurfacing work. The ridge was created as part of the resurfacing work: the old road surface was cold milled to prepare it for resurfacing, and when the new asphalt surface was laid, wherever work stopped for the day, there would be a two-inch differential between the old surface and the new surface. The accident occurred at night, and plaintiff contends that because of poor lighting and no warning signs, he did not see the ridge and was surprised when he hit it.
The jury found that the construction company was not negligent and that there was no defective condition in the roadway which presented an unreasonable risk of harm to the plaintiff. Plaintiff appeals, arguing that the jury was clearly wrong in concluding that defendant was not negligent. We affirm.
As presented to the jury, the focus of plaintiffs case to establish defendant’s negligence was whether signs had been properly displayed to warn of the hazards of the construction area. Under its contract with the State, the construction company was responsible for properly displaying the warning signs as specified in the contract. To insure compliance with this requirement, state inspectors monitored the construction all day each work day.
Other than plaintiff, no witnesses to the accident testified at trial. Plaintiff testified that he saw no warning signs along the roadway. The police officer who investigated the accident testified that he saw no warning signs along the roadway except for a “BUMP” sign which had fallen down and was not visible to a motorist. Plaintiffs wife and plaintiffs father, who returned with plaintiff to the accident site, testified that they saw no warning signs along the road except for the “BUMP” sign found by the officer. These witnesses identified photographs of the accident site taken after the accident on the evening of the accident and on the next day.
The following employees of defendant testified: its safety director, the man in charge of constructing the shoulders along the resurfaced area, the company foreman for this particular job, and the sign man for this particular job. Two employees of the Louisiana Department of Transportation and Development testified: the district construction engineer who had general supervisory responsibilities for all projects in the New Orleans area and the head roadway construction inspector who worked on this particular project. These witnesses testified from recollection, independent and refreshed, and from documentation recording the progress of this particular project, including the daily diaries prepared by three of the witnesses. These witnesses testified that the project could have neither begun nor continued if on any day any of the *719 required warning signs, inspected daily, were not properly displayed. These witnesses also testified that according to the progress documentation, including the daily diaries, all required warning signs were properly displayed during the project, and specifically during the day preceding the evening of the accident and as of 6:00 a.m. on the morning following the evening of the accident.
Properly exercising its function as the trier-of-fact, the jury apparently found that as a matter of fact the construction company properly displayed all required warning signs, and was, therefore, not negligent. Absent a determination that the record as a whole establishes that the factual conclusions of the trier-of-fact are clearly wrong, an appellate court may not disturb those factual conclusions. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). The conflicting testimony required the jury to reach its factual conclusions based in part upon credibility determinations. Our review of the record as a whole satisfies us that the jury’s factual conclusions are not clearly wrong.
Other than the issue of proper warning sign display, the record does not support— even suggest — any other ground for finding defendant negligent. Having concluded that we should not disturb the jury’s apparent finding that all required warning signs were properly displayed, we affirm the verdict that defendant was not negligent, and, therefore, affirm the judgment in favor of defendant dismissing plaintiff’s claim. All costs shall be paid by plaintiff appellant.
AFFIRMED.